# YATES *v.* YATES.

DIVORCE; DECREES; CRUELTY; PLEADING.

1. In a suit for divorce for adultery and cruelty, it is competent for the court below, under sec. 968, D. C. Code (31 Stat. at L. 1345, chap. 854), if the evidence justifies such action, to dismiss the bill as to the charge of adultery, and to decree a. legal separation from bed and board on the ground of cruelty.

2. Allegations of cruelty in a bill for divorce *held* sufficiently general to admit of proof of the act of cruelty alleged to have been committed by the defendant during the times mentioned by the bill; and the evidence of cruelty *held* sufficient to justify a decree of separation.

No. 2227. Submitted February 8, 1911. Decided March 6, 1911.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, dismissing a bill for divorce so far as the charge of adultery was concerned, and granting a separation from bed and board. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a suit for divorce brought by appellee, Rebecca Yates, plaintiff below, against appellant, John C. Yates, Sr., on the grounds of adultery and cruelty. On hearing, the court dismissed the bill as to the charge of adultery, finding the defendant guilty of cruelty, and decreeing a legal separation from bed and board. The plaintiff was awarded the custody of their infant child, and the defendant was granted the privilege of visiting the child at certain stated periods. From this decree. the cause was appealed to this court.

*Mr. A. E. L. Leckie, Mr. Creed M. Fulton,* and *Mr. Joseph W. Cox* for the appellant.

*Mr. Thomas C. Taylor* and *Mr. John Ridout* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The court was justified in separating the causes of action, and entering a decree only upon the charges of cruelty. Section 968 of the Code [31 Stat. at L. 1345, chap. 854] provides: "Where a divorce from the bond of marriage is prayed for, the court shall have authority to decree a divorce from bed and board if the causes proved be sufficient to entitle the party to such relief only."

It is contended by counsel for defendant that, inasmuch as the charge of adultery was eliminated, the court could only consider the truth of the specific charges of cruelty as found in the fifth paragraph of the bill, which are as follows: "That on numerous occasions he has abused and ill-treated your complainant; that on several occasions he struck her with his clenched fists; that immediately prior to their separation his ill-treatment and abuse became unbearable, and your complainant believes that had she continued to cohabit with the defendant Yates she would have been in danger of serious bodily harm." This allegation is sufficiently general to admit of proof of the acts of cruelty perpetrated by defendant against plaintiff during the times mentioned in the bill.

The record is an extensive one, and there being no question of law presented, we deem it unnecessary to enter into any detailed statement of fact. A careful review of the record discloses sufficient evidence of cruelty to justify the court in decreeing separation. The decree is affirmed, with costs, and it is so ordered.                                    *Affirmed.*